**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SHAWN BREEDING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:16-cv-00916 |
| vs. ) | |
| ) | **JURY TRIAL DEMANDED** |
| AIR-EVAC EMS, INC., ) | |
| ) | |
| Defendant. ) | |

**AIR-EVAC EMS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW Defendant Air-Evac EMS, Inc ("Air Evac"), by and through its attorneys of record, and for its Answer and Affirmative Defenses to Plaintiff's Petition, states as follows:

1. Air Evac is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1, and therefore denies the same.

2. Air Evac admits that it is currently a Missouri corporation with its principal place of business in O'Fallon, Missouri, but Air Evac denies that its principal place of business has been in O'Fallon, Missouri at all times relevant to the allegations.

3. Air Evac admits the allegations in Paragraph 3.

4. Air Evac admits that Paragraph 4 quotes from a select portion of the Missouri Merchandising Practices Act (MMPA). Air Evac denies that it committed any act declared unlawful by the MMPA.

5. The allegation in Paragraph 5 is a legal conclusion to which no response is required. To the extent a response is required, Air Evac denies the allegation in Paragraph 5.

6. Air Evac admits the allegation in Paragraph 6.

7. Air Evac admits that it advertises and sells memberships in the Air-Evac Lifeteam membership program. The remaining allegations in Paragraph 7 regarding the primary purpose for which Air Evac sells those memberships constitute a legal conclusion to which no response is required. To the extent such a response is required, Air Evac denies those remaining allegations.

8. The allegations in Paragraph 8 constitute a legal conclusion to which no response is required. To the extent that such a response is required, Air Evac denies the allegations in Paragraph 8.

9. Air Evac admits that it advertises and sells memberships in the Air-Evac Lifeteam membership program. Air Evac further admits that information provided to members indicates that the members would have no out-of-pocket expenses related to flights taken. Air Evac denies that the allegations in Paragraph 9 completely, accurately, or fairly reflect all information that Air Evac provides to those purchasing or considering purchasing an Air Evac Lifeteam membership, and it denies all remaining allegations in Paragraph 9 not specifically admitted herein.

10. Air Evac denies that the allegations in Paragraph 10 accurately characterize the representations made by Air Evac, including those in the terms and conditions provided to members, and thus denies the allegations in Paragraph 10.

11. Air Evac denies the allegations in Paragraph 11.

12. Air Evac denies the allegations in Paragraph 12.

13. Air Evac denies the allegations in Paragraph 13.

14. Air Evac denies that any of its representations or advertising contained any deception, fraud, false promise, false pretense, or misrepresentation, or concealed or suppressed

any material fact. Because the remaining allegations presume that Air Evac's representation or advertising did contain these things, Air Evac denies all allegations in Paragraph 14.

15. Air Evac denies the allegations in Paragraph 15.

16. Air Evac denies that any of its representations or advertising contained any deception, fraud, false promise, false pretense, or misrepresentation, or concealed or suppressed any material fact. Because the remaining allegations presume that Air Evac's representation or advertising did contain these things, Air Evac denies all allegations in Paragraph 16.

17. Air Evac denies the allegations in Paragraph 17.

18. Air Evac admits that Plaintiff Shawn Breeding was injured on July 9, 2012, and that he received an Air Evac flight on that date. Air Evac further admits that Plaintiff Shawn Breeding asserted a claim against the tortfeasor who allegedly caused his injury, and that Air Evac asserted a claim against any third-party recovery. Air Evac denies all remaining allegations in Paragraph 18 not specifically admitted herein.

19. Air Evac denies the allegations in Paragraph 19.

20. Air Evac admits participants in the Air-Evac Lifeteam membership have been injured by tortfeasors and that Air Evac may have reserved the right to seek payment from such third-party tortfeasors. Air Evac denies all remaining allegations in Paragraph 20 not specifically admitted herein.

21. Air Evac denies the allegations in Paragraph 21.

22. Air Evac denies the allegations in Paragraph 22.

23. Air Evac denies the allegations in Paragraph 23.

24. Air Evac is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 24, and therefore denies the same.

25. Air Evac denies the allegations in Paragraph 25 and its sub-parts.

26. Air Evac admits only that Plaintiff seeks certification of the two classes described in Paragraphs 26.A and 26.B. Air Evac denies that it would be appropriate for either of these two classes to be certified.

27. Air Evac denies that this case should be conducted as a class action and thus denies the allegations in Paragraph 27.

28. Air Evac denies that this case should be conducted as a class action and thus denies the allegations in Paragraph 28.

29. Air Evac denies that this case should be conducted as a class action and thus denies the allegations in Paragraph 29.

30. Air Evac denies that this case should be conducted as a class action and thus denies the allegations in Paragraph 30.

31. Air Evac denies the allegations in Paragraph 31.

32. Air Evac denies that this case should be conducted as a class action and, therefore, that any class counsel is necessary or appropriate. Air Evac is without sufficient knowledge or information to form a belief as to any remaining allegations in Paragraph 32 and therefore denies the same.

Air Evac denies that Plaintiff is entitled to any of the relief requested in Paragraphs A through H on pages 9 and 10 of the Petition.

## **AFFIRMATIVE DEFENSES**

By alleging the Defenses set forth below, Air Evac intends no alteration of the burden of proof that otherwise exists with respect to any particular issue. Furthermore, all such Defenses are pleaded in the alternative and do not constitute any admission that Plaintiff is entitled to any

relief whatsoever, that Plaintiff may maintain this action as a class, or that the putative classes proposed by Plaintiff are entitled to any relief.

Air Evac alleges the following affirmative defenses with respect:

1. Plaintiff's claims, and the claims of some or all of the putative classes, fail to state a cause of action against Air Evac upon which relief may be granted.

2. Plaintiff's claims, and the claims of some or all of the putative classes, are barred by the doctrine of waiver.

3. Plaintiff's claims, and the claims of some or all of the putative classes, are barred by the doctrine of estoppel.

4. Plaintiff's claims, and the claims of some or all of the putative class members, are barred by the applicable statute of limitations.

5. Plaintiff's claims, and the claims of some or all of the putative classes, are barred because, if Plaintiff and/or the putative classes were damaged in any way (which Air Evac expressly denies), Plaintiff and/or the putative classes failed to mitigate their damages.

6. Plaintiff's claims, and the claims of some or all of the putative classes, are barred by set off and/or recoupment.

7. Plaintiff, and some or all of the putative class members, are barred from recovering any amounts from Air Evac because they ratified and/or consented to the conduct of Air Evac now alleged to be wrongful.

8. Plaintiff's claims, and the claims of some or all of the putative classes, are barred by the voluntary payment doctrine.

9. Plaintiff's claims, and the claims of some or all of the putative classes, are barred by the doctrine of express or implied release.

10. Plaintiff's claims and the claims of the putative classes are barred because they are preempted by the Airline Deregulation Act of 1978 (ADA), 49, U.S.C. § 41713.

11. Plaintiff, and some or all of the putative class members, lack standing.

12. Any award based upon asserted interests or injuries in this case, including but not limited to any award of punitive damages, would violate the Excessive Fines Clauses of the Eighth Amendment (as incorporated by the Due Process Clause of the Fourteenth Amendment) to the United States Constitution.

13. Any finding of liability – and any award of damages, including but not limited to any award of punitive damages – for the practices alleged in the Petition would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution because the standards of liability under the MMPA are unduly vague and subject, and permit retroactive, random, arbitrary, and capricious punishment that serve no legitimate governmental interest.

14. Air Evac does not knowingly and intentionally waive any affirmative defenses and reserves the right to assert any additional affirmative defenses and claims of avoidance as may be appropriate based upon facts or issues disclosed during the course of additional investigation or discovery.

WHEREFORE, Air Evac demands trial by jury and respectfully requests entry of a final judgment granting the following relief:

(a) dismissing Plaintiff's Petition with prejudice;

(b) denying Plaintiff's request to certify any class;

(c) awarding Air Evac its attorney's fees and costs incurred to defend this action; and

(d) providing such other and further relief as the Court deems just and proper.

Dated:  June 21, 2016	Respectfully submitted,


By:     /s/Kyle P. Seelbach

Kyle P. Seelbach, #60382MO
Elizabeth A. Bozicevic, #59623MO
Derek Wiseman, #67257MO
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
(314) 480-1500 (telephone)
(314) 480-1505 (facsimile)
kyle.seelbach@huschblackwell.com
elizabeth.bozicevic@huschblackwell.com
derek.wiseman@huschblackwell.com

***Attorneys for Defendant Air-EVAC EMS, Inc.***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 21st day of June, 2016, the foregoing was filed electronically with the Clerk of Court, to be served by operation of the Court's electronic filing system upon the following:

| | |
|---|---|
| Mark Turley<br>SMITH & TURLEY<br>401 North Rolla Street, Suite 3<br>P.O. Box 860<br>Rolla, MO 65402<br>meturley@gmail.com | Joseph W. Rigler<br>WILLIAMS, ROBINSON, RIGLER, & BUSCHJOST, P.C.<br>901 North Pine Street, 4th Floor<br>P.O. Box 47<br>Rolla, MO 65402<br>jrigler@teamlex.com |

    /s/ Kyle P. Seelbach